UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHARLES M. COSTELLO, ET AL | CIVIL ACTION NO. 07-CV-1937 |
| VERSUS | JUDGE JAMES |
| CAPITAL ONE NA, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Charles and Carol Costello ("Plaintiffs") filed suit in state court against several banks and other financial institutions. Plaintiffs allege that their bookkeeper, who served Plaintiffs' family businesses for about 40 years from the mid-1960's until her death in 2006, drew checks on a family business account that she used to pay Defendants, her personal creditors, more than $280,000. Plaintiffs allege that the banks and other creditors are liable because they knew or should have known that the checks delivered by the bookkeeper were drawn without authority.

Citibank (South Dakota) NA ("Citibank") removed the case, with the consent of the several other defendants, based on an assertion of diversity jurisdiction. Before the court is a Motion to Remand (Doc. 30) filed by Plaintiffs on the grounds that the amount in controversy does not exceed $75,000, exclusive of interest and costs, with respect to Plaintiffs' claims against any single defendant. It is recommended, for the reasons that follow, that the motion to remand be granted.

**Amount in Controversy Burden**

"There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir.1996). In a removed case, the removing defendant has the burden of showing that the amount in controversy element of diversity jurisdiction is satisfied. In determining whether the defendant has met that burden, the court may look to the plaintiffs' pleadings to see whether it is facially apparent that the claims are for more than $75,000. The removing attorney may also support jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir.1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir.1999).

**Relevant Allegations and Evidence**

Plaintiffs allege that Citibank was a personal creditor of Ms. LaForge, their former bookkeeper. Citibank, according to Plaintiffs, accepted as payment on Ms. LaForge's personal debt at least 177 checks drawn by Ms. LaForge on Plaintiffs' bank account, with the checks "totaling at least $74,131.37." Petition, ¶ XI-A(2). Plaintiffs contend that Citibank knew or should have known that Ms. LaForge drew the checks without authority and used the checks to satisfy her personal debt to Citibank. Plaintiffs allege that Citibank's actions "caused substantial monetary damages to Plaintiff(s)." ¶ XI-A(10). Plaintiffs ask for judgment "in the amount of said checks" that Citibank accepted from Ms. LaForge "plus

reasonable damages, plus legal interest from date of judicial demand, plus reasonable attorney fees allowed by law, and all court costs." ¶ XI-A(11).

Plaintiffs repeat essentially identical allegations against seven other defendants. The only significant difference in the claims against the several defendants is the total amount of the checks allegedly accepted by each defendant. The claim against Regions Bank, Inc. ("Regions") is for $62,205.50, the claim against Chase Bank USA, N.A. is for $35,862.00, and the claims against the other defendants are for even smaller amounts, with the smallest being the claim against Dell Financial Services, LP for just $1,755.28.

In addition to the allegations of the petition, the record includes pre-suit correspondence and an affidavit from Plaintiffs. Citibank submits a letter from Plaintiffs' counsel in which he made a pre-suit demand against Citibank for "payment of $84,267.70, which represents the unauthorized payments accepted by Citibank on the above-referenced accounts." Plaintiffs responded by submitting a letter from Citibank in which Citibank argued that more than $9,600 of the amount demanded by Plaintiffs was actually related to payments made to CitiFinancial in connection with a personal loan. Citibank directed that claims with regard to those payments would need to be addressed to CitiFinancial. Plaintiffs testify, and their counsel represents in brief, that this letter caused them to separate all checks accepted by CitiFinancial from the checks accepted by Citibank, which led them to calculate the $74,131.37 demand against Citibank that is asserted in their petition.

Plaintiffs also offer conclusory testimony that they stipulate that the "amount in controversy in these proceedings is insufficient to permit the exercise of jurisdiction by federal courts." With respect to the assertions in the petition that each defendant caused "substantial monetary damages," that Plaintiffs are entitled to judgment for "at least" the amount of the checks accepted by each defendant, and that Plaintiffs are entitled to "reasonable damages," Plaintiffs testify that those allegations "were not intended to represent, nor do they represent, that the total damages claimed from each defendant exceed the amount in controversy requirement." Plaintiffs add that the total damages they seek from each defendant does not exceed $75,000.

**Analysis**

When a plaintiff brings suit against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate. Jewell v. Grain Dealers Mutual Ins. Co., 290 F.2d 11, 13 (5th Cir. 1961). The claims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount only if the defendants are jointly liable. If the defendants are severally or separately liable, the plaintiff must satisfy the amount in controversy requirement against each individual defendant. Id.; Middle Tennessee News Co., Inc. v. Charnel of Cincinnati, Inc., 250 F.3d 1077, 1081 (7th Cir. 2001).

Plaintiffs do not allege that the defendants acted in concert nor do they pray for judgment against the defendants jointly or in solido; Plaintiffs assert claims against each

defendant only for the amount of checks and any other losses associated with that particular defendant. No party contends that the claims may be aggregated or that there is any other basis for diversity jurisdiction that does not first depend on a determination that the amount in controversy requirement is satisfied with respect to the claim against Citibank.[1]

Plaintiffs allege that the total amount of the checks accepted by Citibank was a certain amount, $74,131.37, but Plaintiffs' additional request for unspecified amounts of damages and attorney fees require that this case be analyzed under the jurisprudence that has developed when a plaintiff has alleged an indeterminate amount of damages. As explained above, the removing defendants may satisfy this burden by showing that it is facially apparent that the claims against Citibank exceed the jurisdictional amount or by setting forth additional facts that establish by a preponderance that the jurisdictional amount is satisfied.

Plaintiffs' mere post-removal stipulation that their damages do not exceed $75,000 with respect to any defendant cannot defeat jurisdiction if it has been established. A post-removal affidavit may, however, be considered if it contains *facts* that clarify an uncertainty about the amount in controversy at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000); Weber v. Stevenson, 2007 WL 4441261, *3 (M.D. La.

---

[1] Defendants contend that if the amount in controversy requirement is met with respect to the claim against Citibank, the court will have supplemental jurisdiction over the claims against the other defendants even though the amount sought from each of those defendants is less than $75,000. Plaintiffs respond that 28 U.S.C. § 1367(b) would not permit the exercise of supplemental jurisdiction over the claims against the other defendants even if there is subject matter jurisdiction over the claims against Citibank. The court need not reach that issue.

2007). Accordingly, Plaintiffs' conclusory stipulations that they do not seek more than $75,000 against Citibank are of no moment. Their testimony that their claims for damages were not intended to assert claims in excess of $75,000 is not supported by any factual explanation, so the conclusory testimony does nothing to remove any ambiguity. On the other hand, Plaintiffs' testimony about why they adjusted the amount of their claim from more than $84,000 to just over $74,000 is adequate to overcome Citibank's suggestion that the pre-suit demand letter is sufficient to establish the amount in controversy. Plaintiffs' explanation makes sense, it is supported by the letters in the record, and Citibank has not submitted competing evidence that would challenge Plaintiffs' explanation for their recalculation of the amount of the claim against Citibank.

Citibank relies heavily upon Plaintiffs' allegation that the taking of the checks caused Plaintiffs "substantial monetary damages." The amount in controversy element will be satisfied if Citibank shows that it is more likely than not that such damages would be at least $868.64. Plaintiffs' petition contains no hint as to a factual or legal basis for the claim of damages, and Citibank has offered no suggestions in that regard. The only form of damages that the undersigned can reasonably surmise might be at stake is interest on the missing funds. But Section 1332 states that the amount in controversy is determined exclusive of interest. The jurisprudence has permitted interest to be included if it is itself the basis of the suit, as when interest has accrued on a note prior to maturity and is payable on the note, but the amount of interest is not included if the interest is only incidental to the plaintiff's claim

or if it arises solely by a delay in payment. Robichaux v. Glorioso, 2000 WL 1171119, *2 (E.D. La. 2000); 14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3rd, § 3712, pp. 280-81 (1998). Any damages that could be awarded in this case in the form of interest would be merely incidental to the claim and arise by delay in reimbursement of the lost funds, so any such interest is not properly included in the amount in controversy. Neither party has articulated a basis for any other form of damages, so the demands for damages in the petition do nothing to increase the basic amount of the $74,131.37 claim against Citibank for jurisdictional purposes.

Citibanks's notice of removal also pointed to Plaintiffs' demand for attorney fees. "[T]he federal district court's jurisdictional-amount calculus must include attorney's fees when an applicable Louisiana statute allows the award of such fees." Grant v. Chevron Phillips Chemical Co., 309 F.3d 864, 869 (5th Cir. 2002). See also Foret v. Southern Farm Bureau Life Ins. Co., 918 F.2d 534, 537 (5th Cir. 1990). Louisiana law requires parties to bear their own attorney fees unless there is a special statute that permits an award of fees. Plaintiffs' petition did not cite any statute to support their prayer for fees and, despite ample opportunity to brief the issue, neither party has yet to identify any such statute. Plaintiffs fault Citibank for not identifying a statute to support an award of fees, and Citibank responds that it is not its burden to do so. It is, of course, Citibank's burden to establish that the amount in controversy exceeds $75,000.

When a plaintiff makes a demand for attorney fees but there is no direct legal authority for awarding a fee, the meritless request for a fee cannot be included in the computation of the jurisdictional amount. Smith v. GTE Corp., 236 F.3d 1292, 1305 (11th Cir. 2001); 14B Wright, Miller & Cooper, § 3712, p. 278. This record lacks even a hint as to any lawful authority to award Plaintiffs attorney fees should they prevail against Citibank.

The claim against Citibank is for $74,131.37, plus (1) damages and (2) attorney fees. It has been established that there is (1) no legal basis to award damages that could be included in the amount in controversy and (2) no legal basis for an award of attorney fees. The result is that the amount in controversy with respect to the claims against Citibank is only $74,131.37, so this court lacks subject matter jurisdiction over the claims against Citibank, and, necessarily, the other defendants against whom lesser claims are made.

Plaintiffs are reminded that if they assert a claim for attorney fees in a state court petition and that case is removed to federal court, the federal court may issue sanctions under La. Code. Civ. Proc. art. 863 if the attorney fee claim was not warranted by existing law or a good-faith argument. See Clifton v. Washington Mutual Bank, 2007 WL 2263899 n.1 (W.D. La. 2007). Such sanctions may be in order when the meritless claim for attorney fees is largely responsible for a case being wrongfully removed to federal court and causes a significant waste of time and effort by the court. The undersigned does not recommend that sanctions be ordered in this case, but the presentation of similarly meritless claims in future litigation by Plaintiffs' counsel or others who practice in this area may meet a different result.

Accordingly;

**IT IS RECOMMENDED** that the Motion to Remand (Doc. 30) be granted and that this case be remanded to the Fourth Judicial District Court, Morehouse Parish, Louisiana.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of March, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE